IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Haroon Arrasheed, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.1:19-cv-07614 |
| | ) | |
| v. | ) | |
| | ) | The Honorable Steven C. Seeger |
| Chicago Public Schools, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, the Board of Education of the City of Chicago ("Board"), incorrectly sued as Chicago Public Schools, through its undersigned counsel Lindsey E. Goldberg and Rashad A. Simmons, moves to dismiss Plaintiff's Complaint under the Federal Rules of Civil Procedure, Rules 8, 10(b), and 12(b)(6). In support thereof, theBoard states:

1. On November 18, 2019, Plaintiff Haroon Arrasheed filed his Complaint. *See*Compl. Exhibit A, ECF No. 1.

2. The Board filed its waiver of service on June 23, 2020. ECF No. 28.

3. The Board filed its appearance on July 6, 2020. ECF Nos. 25 and 26.

4. Under the Federal Rules of Civil Procedure, Rule 8, a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

5. Here, Plaintiff's Complaint violates each of Rule 8's mandates rendering the Board unable toproperly answer theComplaint.

6. For instance, Plaintiff's Complaint contains no counts or legal theories. Instead, Plaintiff alleges only, "Complaint against violation of civil rights." *See* Compl. Ex. A. Plaintiff does not allege facts in support of any alleged violation nor does he state which rights were allegedly violated.

7. The current pleading is so deficient and unintelligible that the Board cannot even identify which laws the claims are brought under, making it impossible to answer the Complaint or even determine if the Court has jurisdiction over the claims.

8. Accordingly, Plaintiff fails to meet its obligation to put the Board on notice of the allegations against it and the Complaint must therefore be dismissed. *See United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud); *see also Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure.").

9. Moreover, under the Federal Rules of Civil Procedure, Rule 10(b), "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

10. Plaintiff's Complaint does not contain any numbered paragraphs. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (affirming dismissal of complaint for failure to comply with Rule 10(b), where plaintiffs failed to separate allegations into numbered paragraphs). Rather than setting forth each claim in separate numbered paragraphs, Plaintiff sets forth his allegations in prolix narrative form. *See* Compl. Ex. A. Accordingly, the Board (and Court) are left, like pigs hunting for truffles, to figure out what claims Plaintiff has asserted, or attempted to raise – a task neither the Board nor the Court are required to engage in. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

11. At bottom, Plaintiff has failed to properly state a claim upon which relief can be granted and the Board cannot properly answer Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6).[1] Indeed, there is nothing in the Complaint that could state a claim to relief that is plausible on its face.

12. Based on the aforementioned, the Board moves to dismiss Plaintiff's Complaint pursuant to Rules 8, 10(b), and 12(b)(6). *See Minard v. Wal-Mart Stores, Inc.*, No. 14 C 8168, 2016 U.S. Dist. LEXIS 191141, at *6 (N.D. Ill. Apr. 12, 2016) (granting defendant's motion to dismiss plaintiff's *pro se* complaint under Federal Rules 8(a)(2), 10(b), and 12(b)(6)).

WHEREFORE, Defendant, the Board of Education of the City of Chicago, prays this Court dismiss Plaintiff's Complaint in its entirety and with prejudice pursuant to Federal Rules of Civil Procedure 8, 10(b), and 12(b)(6), and for any other relief this Court deems appropriate and just.

Dated: August 20, 2020     Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JOSEPH MORIARTY, General Counsel

By:   /s/ Rashad A. Simmons
      Rashad A. Simmons, ARDC No. 6319497

Lindsey E. Goldberg / legoldberg@cps.edu
Rashad A. Simmons / rasimmons@cps.edu
Board of Education of the City of Chicago
One North Dearborn Street
Law Department, Suite 900
Chicago, Illinois 60602
(773) 553-1700

---

[1] To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## **CERTIFICATE OF SERVICE**

I, Rashad A. Simmons, an attorney of record, do hereby certify that on August 20, 2020, I electronically filed Board of Education of the City of Chicago's **Motion to Dismiss Plaintiff's Complaint** using the Court's CM/ECF Filing System, which will send electronic notice to all parties of record, including:

>Haroon Arrasheed
>438 E. 144th Street
>Dolton, Illinois 60819
>Haroon05@gmail.com

By: /s/ Rashad A. Simmons
     Rashad A. Simmons