**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Haroon Arrasheed, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-07614 |
| | ) | |
| v. | ) | |
| | ) | The Honorable Steven C. Seeger |
| Chicago Public Schools, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant the Board of Education of the City of Chicago ("Board"), incorrectly sued as Chicago Public Schools, through its undersigned counsel Lindsey E. Goldberg and Rashad A. Simmons, moves to dismiss Plaintiff's Amended Complaint under the Federal Rules of Civil Procedure, Rules 8, 10(b), and 12(b)(6). In support thereof, the Board states:

### INTRODUCTION

Plaintiff Haroon Arrasheed was employed by the Board from 2013 to 2019. He is now suing the Board for purported violations under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. Plaintiff filed his initial Complaint on November 18, 2019. (ECF No. 1). The Board filed its motion to dismiss Plaintiff's initial Complaint based on Plaintiff's failure to comply with Federal Rules 8, 10(b), and 12(b)(6). (ECF No. 30). Because of the initial Complaint's deficiencies, Plaintiff requested leave to file an amended complaint, which the Court granted. (ECF Nos. 33 and 34). Plaintiff met with the Court's *pro se* help desk so he could correct his deficient complaint and "meet the standards of [t]he Illinois Northern Federal Court" (*see* Plf.'s Mot. for Leave, No. ECF 33). But Plaintiff's Amended Complaint ("Complaint") did not cure his prior deficiencies as it still violates Federal Rules

8, 10(b), and 12(b)(6). Accordingly, the Board moves to dismiss Plaintiff's Complaint in its entirety.[1]

## PLAINTIFF'S PLEADED "FACTS"[2]

Plaintiff's Complaint contains no counts. Plaintiff purportedly brings an ADA claim against the Board where he alleges he was treated differently because he "had/has" two disabilities. (Compl., p. 2). Plaintiff "sought assistance" from the Board's "internal ADA" department when his "disability got worse." (*Id.*). Although Plaintiff does not allege that he made a request for an accommodation, Plaintiff alleges that the Board approved his accommodations. (*Id.*). Plaintiff further alleges that he "filed a complaint" with the Board's "Equal Opportunity Compliance Office," (EOCO) but he does not allege what he complained about to the EOCO. (*Id.*, p. 3). Lastly, Plaintiff alleges that Board employees Carolyn Jourdan and Rita Raichoudhuri ignored "the accommodations provided by the ADA by doing the complete opposite of the accommodations that were approved" for Plaintiff.[3] (*Id.*, p. 2).

Plaintiff also alleges that the Board violated his rights under 42 U.S.C. § 1983 when it allegedly hired someone other than Plaintiff for the "CTE Information Technology Curriculum Specialist" position.[4] (*Id.*, p. 1). Plaintiff pleads additional random and irrelevant information, but it is not clear if any of the additional information are related to his 42 U.S.C. § 1983 claim.[5] (*See* Compl., generally).

---

[1] Dismissal with prejudice is appropriate due to Plaintiff's manifest disregard of the Federal Rules. Indeed, despite receiving help from the *pro se* help desk, Plaintiff blatantly ignored Federal Rule 10(b) by not numbering the paragraphs of his Complaint.

[2] The Board treats Plaintiff's pleaded allegations as true solely for the purpose of this Motion.

[3] Plaintiff also makes general allegations of unfair treatment and a hostile work environment caused by Carolyn Jourdan and Rita Raichoudhuri, but he does not tie these bald and conclusory allegations to any claim. (*See* Compl., generally).

[4] While Plaintiff alleges he was not hired for the CTE Information Technology Curriculum Specialist position, he fails to allege that he even applied to this position.

[5] By example, Plaintiff alleges that Carolyn Jourdan was hired by nepotism in August 2017. (Compl., p. 2).

**STANDARD OF REVIEW**

A complaint should be dismissed pursuant to Rule 12(b)(6) if it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). In deciding a motion to dismiss, the court must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Thompson v. Illinois Dep't of Professional Reg.*, 300 F.3d 750, 753 (7th Cir. 2002). The court need not strain to find inferences favorable to Plaintiff which are not apparent on the face of the complaint – it need not accept legal conclusions alleged or inferred from the pleaded facts. *Nelson v. Monroe Reg. Med. Ctr.*, 925 F.2d 1555, 1599 (7th Cir. 1991). Nor is a court required to ignore facts set forth in a complaint that undermine Plaintiff's claim. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992). Similarly, a plaintiff may "plead h[er]self out of court" by alleging facts establishing a defendant is entitled to prevail on a motion to dismiss. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

**ARGUMENT**

**I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8.**

Under the Federal Rules of Civil Procedure, Rule 8, a pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Here, Plaintiff's Complaint violates each of Rule 8's mandates rendering the Board unable to properly answer the Complaint.

First, Plaintiff's Complaint does not assert the basis for this Court's jurisdiction. Plaintiff references two federal statutes (42 U.S.C. § 1983 and the ADA), but he never states why this Court has subject matter jurisdiction. Thus, Plaintiff's Complaint does not comply with the federal rules. *See*

*Collins-Hardin v. WM Specialty Mortgage LLC*, No. 12 C 50099, 2014 U.S. Dist. LEXIS 6134, at *5 (N.D. Ill. Jan. 17, 2014) (dismissing plaintiff's complaint because it failed to provide a short and plain statement of the grounds for the court's jurisdiction).

Plaintiff's Complaint also fails to satisfy Rule 8(a)'s requirement of a short, plain statement showing that he is entitled to relief. The short and plain statement under Rule 8(a)(2) must give the Board "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff's Complaint contains no counts or legal theories. While Plaintiff references 42 U.S.C. § 1983 and the ADA, he does so in a conclusory manner and provides no factual detail to support a claim under these statutes. For instance, Plaintiff alleges the Board violated his civil rights when it allegedly hired someone other than Plaintiff for the "CTE Information Technology Curriculum Specialist" position. (Compl., p. 1). Plaintiff further alleges that the Board violated the ADA by "ignoring the accommodations provided by the ADA by doing the complete opposite of the accommodations that were approved for the Plaintiff." (Compl., p. 2). Plaintiff alleges no relevant factual detail in support of his alleged "claims." Simply put, Plaintiff's barebone and conclusory allegations do not give the Board fair notice of Plaintiff's claims and the grounds upon which they rest. Dismissal is therefore warranted. *See United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud); *see also Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure.").

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 10(b).

Plaintiff's Complaint also violates Federal Rule 10(b), which requires a party to state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). While some portions of Plaintiff's Complaint contain numbered

paragraphs, the first three pages do not and dismissal is therefore warranted. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (affirming dismissal of complaint for failure to comply with Rule 10(b), where plaintiffs failed to separate allegations into numbered paragraphs). Rather than setting forth each claim in separate numbered paragraphs, Plaintiff uses the first three pages of his complaint to set forth his allegations in prolix narrative form. (*See* Compl.). Accordingly, the Board (and Court) are left, like pigs hunting for truffles, to figure out what claims Plaintiff has asserted, or attempted to raise – a task neither the Board nor the Court are required to engage in. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Plaintiff also violates Federal Rule 10(b) because his alleged claims are not stated in separate counts. *See Frederiksen*, 384 F.3d 437 at 438 (7th Cir. 2004) (Rule 10(b) requires distinct claims to be separated into counts). Plaintiff's manifest disregard of the Federal Rules require dismissal of his deficient Complaint.

### III. PLAINTIFF'S ADA CLAIM SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12.

A) Plaintiff fails to plead administrative exhaustion.

Even if Plaintiff properly pled an ADA claim under Rules 8 and 10, which he did not, his ADA claim still fails under Federal Rule 12. First, Plaintiff has not pled that he exhausted his administrative remedies. Prior to asserting a claim under the ADA, a plaintiff must first file a Charge of Discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). The deadline to do so is 300 days after the alleged discriminatory act. *Id.* Plaintiff's Complaint does not plead that he filed an EEOC Charge of Discrimination and exhausted those administrative remedies prior to filing the instant suit. Consequently, Plaintiff's ADA claim must be dismissed.

B) Plaintiff fails to plead he is a qualified individual with a disability.

Even if Plaintiff had exhausted his administrative remedies and filed a timely Charge of Discrimination, he nevertheless fails to plead a claim under the ADA. In order for a plaintiff to have

protections under the ADA, he must be a qualified individual with a disability. *Gratzl v. Office of the Chief Judges of the 12th, 18th, 19th & 22nd Judicial Circuits*, 601 F.3d 674, 678 (7th Cir. 2010). Disability is defined as a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12012. Plaintiff has not sufficiently pled that he is disabled. Instead, Plaintiff makes bald conclusory allegations claiming to be disabled, which are insufficient to survive the Board's motion to dismiss. *Armstrong v. Daily*, 786 F.3d 529, 533 (7th Cir. 2015); *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

*Lee v. Chi. Transit Auth.*, is instructive. In *Lee*, the plaintiff merely "parroted the statutory definition of 'disability'" which the court found "insufficient to survive a motion to dismiss." *Lee v. Chi. Transit Auth.*, 696 Fed. Appx. 752, 753 (7th Cir. 2017). The plaintiff tried to counter this conclusion by citing to a prior version of the complaint where he alleged he experienced a stroke and suffered from anxiety, depression, and sleep apnea. *Lee*, 696 F. App'x at 753. The court found that "even if we assume that [plaintiff] had sufficiently alleged these conditions, he has not alleged that they 'substantially limited one or more major life activities,' as required in the definition of disability under the ADA." *Id. at 753-54*. The court, therefore, affirmed dismissal of the complaint on the pleadings for failure to adequately plead a disability. *Id.*

Similarly, the Court should dismiss Plaintiff's ADA claim as it is not bound to accept legal conclusions masquerading as factual allegations. *Armstrong v. Daily*, 786 F.3d 529, 533 (7th Cir. 2015); *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. The plaintiff may avoid dismissal only by pleading facts sufficient to "raise a right to relief above the speculative level," which requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. Consequently, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement," is not sufficient to state a claim for relief pursuant to Rule 8. *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555, 557). Like in *Lee*, Plaintiff's conclusory declaration that he is a qualified individual with a disability is grossly insufficient, even at the pleading stage.

### C) Plaintiff fails to plead a violation of the ADA.

Assuming *arguendo* Plaintiff is a qualified individual with a disability, which he is not, he has still failed to plead an ADA violation. First, Plaintiff's Complaint plainly states that the Board approved his accommodations. (Compl., p. 4). Thus, Plaintiff has no claim for failure to accommodate under the ADA. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (a plaintiff may "plead h[er]self out of court" by alleging facts establishing a defendant is entitled to prevail on a motion to dismiss).

The remainder of Plaintiff's allegations make clear that his primary grievances are that certain employees were hired over him because of "nepotism," and that he suffered a "hostile work environment." Employment laws such as the ADA impose no general civility code. *Smith v. Ill. DOT*, 936 F. 3d 554, 561 (7th Cir. 2019). Nepotism or a hostile work environment that are not tied to a protective category are insufficient to state a claim for relief. *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 856-857 (7th Cir. 2019) (proper to dismiss harassment claim where plaintiff didn't identify her disability as the basis for the harassment); *Abrego v. Wilkie*, 907 F.3d 1004, 1015-1016 (7th Cir. 2018) (summary judgment on hostile work environment claim affirmed because no evidence that supervisors were short tempered, hostile, unfairly critical, and disrespectful because of a protected category); *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 562 (7th Cir. 2016) (sexual harassment claim fails where no evidence to conclude harassment was because of plaintiff's sex). Consequently, Plaintiff has not sufficiently pled a claim under the ADA.

### IV. PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12.

### A) Plaintiff's claim is time barred.

Plaintiff's other purported claim is under 42 U.S.C. § 1983. § 1983 claims are subject to a 2-year statute of limitations. *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768 (7th Cir.

7

2013). Plaintiff filed his initial Complaint on November 18, 2019, so any conduct occurring before November 18, 2017 is time barred. This includes much of the conduct complained of including hiring Carolyn Jourdan in August 2017 because of nepotism. Accordingly, these actions, and any others occurring before November 18, 2017, cannot be relied upon in support of Plaintiff's claims.

### A) Plaintiff fails to plead any constitutional violation.

*Monell* and its progeny established limited circumstances when a municipality can be liable under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "By its terms, of course, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). It is, therefore, axiomatic that a municipality cannot be held liable pursuant to *Monell* unless the plaintiff establishes that he suffered a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012). *Elizarri v. Sheriff of Cook County*, 901 F.3d 787, 791 (7th Cir. 2018) ("[I]t is established that a municipality cannot be held liable without an underlying violation of the Constitution").

Here, Plaintiff fails to identify any underlying constitutional violation for *Monell* liability. Accordingly, his § 1983 claim should be dismissed for failure to identify a constitutional violation.

### B) Plaintiff fails to plead *Monell* liability.

In addition to not pleading a constitutional violation, Count II fails because Plaintiff does not plead the required elements of a *Monell* claim. Section 1983 provides persons with a recourse for Constitutional violations by a party acting under color of state law. *See* 42 U.S.C. § 1983. Municipalities, however, are responsible only for "their *own* illegal acts[ ]" and cannot be vicariously liable under Section 1983 for their employees' conduct. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Thus, *Monell* and its progeny establish limited circumstances when a municipality can be liable under Section 1983. *Monell*, 436 U.S. at 694. Specifically, Plaintiff must allege his constitutional deprivation was caused by

ratification by a person with final policymaking authority, the enforcement of an express policy, or a widespread practice constituting custom or usage. *Id.*

Here, Plaintiff does not even attempt to regurgitate the elements of a *Monell* claim, let alone plead sufficient facts for this foundational requirement. (*See* Compl., generally). Thus, any purported claim under § 1983 fails. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (a complaint must plead *Monell* liability by "provid[ing] some specific facts to support the legal claims asserted in the complaint"); *Hill v. City of Chicago*, 2014 U.S. Dist. LEXIS 66609 at *7, 13 C 4847 (N.D. Ill. May 14, 2014) ("Although *Monell* claims may proceed with conclusory allegations of a policy or practice, some facts must be pleaded to put the defendant of notice of the alleged wrongdoing"); *Travis v. City of Chicago*, 2012 U.S. Dist. LEXIS 90906, 10 C 3011, at *13-14 (N.D. Ill. June 29, 2012) (dismissing *Monell* claim because plaintiff failed to give enough details "to present a story that holds together").

Similarly, the facts as pled do not allow for an inference that any constitutional deprivation was caused by a person with final policymaking authority, the enforcement of an express policy, or a widespread practice. First, in Illinois, the final decision-making authority of a public school district is held by the board of education or the district's superintendent. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (citing 105 ILCS 5/10-21.4 (West 2018)). Plaintiff does not allege the board itself or the district's superintendent took any actions relevant to this case. Second, Plaintiff does not cite to an express written policy that allegedly caused his injury. Finally, Plaintiff relies on Defendant's actions against him only, but isolated incidents of misconduct against one individual are insufficient to establish a widespread practice. *See, e.g., Wilson v. Cook County*, 742 F.3d 775, 780 (7th Cir. 2014) ("it is clear that a single incident—or even three incidents—do not suffice" to establish a widespread practice under *Monell*); *Gustafson v. Jones*, 117 F.3d 1015, 1021 (7th Cir. 1997). Thus, Plaintiff's § 1983 claim should be dismissed against the Board for failure to plead facts that would establish the required municipal liability. *See Simmons v. Chicago Bd. of Educ.,* 289 F.3d 488, 494 (7th Cir. 2002).

At bottom, Plaintiff has failed to properly state a claim upon which relief can be granted and the Board cannot properly answer Plaintiff's deficient Complaint under the Federal Rules of Civil Procedure. Indeed, there is nothing in the Complaint that could state a claim to relief that is plausible on its face. Based on the aforementioned, the Board moves to dismiss Plaintiff's Complaint under Rules 8, 10(b), and 12(b)(6). *See Minard v. Wal-Mart Stores, Inc.*, No. 14 C 8168, 2016 U.S. Dist. LEXIS 191141, at *6 (N.D. Ill. Apr. 12, 2016) (granting defendant's motion to dismiss plaintiff's *pro se* complaint under Federal Rules 8(a)(2), 10(b), and 12(b)(6)).

WHEREFORE, Defendant the Board of Education of the City of Chicago, prays this Court dismiss Plaintiff's Complaint in its entirety and with prejudice under Federal Rules of Civil Procedure 8, 10(b), and 12(b)(6), and for any other relief this Court deems appropriate and just.

Dated: November 30, 2020      Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JOSEPH MORIARTY, General Counsel

By:     /s/ Rashad A. Simmons
       Rashad A. Simmons, Atty No. 6319497

Lindsey E. Goldberg / legoldberg@cps.edu
Rashad A. Simmons / rasimmons@cps.edu
Board of Education of the City of Chicago
One North Dearborn Street
Law Department, Suite 900
Chicago, Illinois 60602
(773) 553-1700

## <u>CERTIFICATE OF SERVICE</u>

I, Rashad A. Simmons, certify that on November 30, 2020, a copy of the foregoing was filed electronically using the Court's electronic filing system. Notice of this filing will be sent to *pro se* Plaintiff by operation of the Court's electronic filing system, and parties may also access this filing through the Court's system.

By:    <u>/s/ Rashad A. Simmons</u>
          Rashad A. Simmons, ARDC No. 6319497