[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

FILED
3/7/2022
AK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Haroon Arrasheed | **Case Number**: 1:19-cv-07614 |
| Plaintiff | |
| v. | **Judge**: Honorable Steven C. Seeger: |
| Chicago Public Schools | **Magistrate Judge:** Honorable M. David Weisman |
| Defendant | |

I am filing this motion requesting a reconsideration for Discovery extension. There has been a major development regarding the Plaintiff's employment. Some of the Plaintiff's duties in his job role was to spread a Computer Science Education program in Chicago area high schools including Chicago Public Schools. The Plaintiff was hired because of his relationships with CPS, CPS Teachers, Principals, etc. and his relationships within the Chicago Computer Science Education Community in Chicago.

I am filing this motion requesting a reconsideration for Discovery extension. There has been a major development regarding the Plaintiff's employment. Some of the Plaintiff's duties in his job role was to spread a Computer Science Education program in Chicago area high schools including Chicago Public Schools. The Plaintiff was hired because of his relationships with CPS, CPS Teachers, Principals, etc. and his relationships within the Chicago Computer Science Education Community in Chicago.

The Plaintiff was hired in November 2020, during the same month, a meeting between the Plaintiff's employer and CPS took place. A CPS employee that the Plaintiff has accused in wrongdoing was present in that meeting. After the meeting, the Plaintiff was not allowed to manage CPS Schools. The Plaintiff was assigned to an out of state school district with a different time zone to manage.

CPS Schools were to be handed over to the Plaintiff to manage from his manager at the beginning of 2022. Within the last month, a CPS employee that the Plaintiff accused of wrongdoing was promoted to a position where the Plaintiff would have to work directly with that employee. The CPS schools were not transferred to the Plaintiff.

A background check is required by CPS to observe volunteers from the Computer Science Education Program that the Plaintiff supported. There was a significant delay with the Plaintiff's background check for CPS, the manager of the Plaintiff's background check took a significantly shorter amount of time.

The Plaintiff is requesting an extension for at least 30 days to receive documents containing correspondence between CPS and his employer. Unfortunately, the development with the Plaintiff's employment happened with less than 30 days from the Discover deadline of 03/2/2022.

The Defendant has stated denied the Plaintiff's second Document request stating the 30 day time frame along with a reference to case Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc., 112 F.R.D. 423, 424 (N.D. Ind. 1986)

The Defendant has also rejected many Document Request stating the following reasons: "Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

of the proposed discovery outweighs its likely benefit."

"Request for Production No. 10: All complaints made to the EOCO about Carolyn Jourdan, Rita Raichoudhuri. Response: The Board states no such documents exist." Said documents do exist, the Plaintiff submitted a complaint to EOCO, at least one document exists.

The Defendant has rejected emails, Google Hangouts messages, Google Drive access logs, Time swipes, etc. The Plaintiff acknowledges that the Document request is very large. However, the Defendant isn't informed as to the reason why the Plaintiff made the specific Document Request. Two of the people used very loose language in Google Hangouts to make fun of the Plaintiff, they celebrated at perceived failures of the Plaintiff, etc. The Documents that the Defendant previously provided, contained this information. However, the messages, emails, etc. are incomplete or has missing information. The Defendant did provide 1400+ pages of information, however there are many duplicates and mostly calendar information. The Defendant also shortened the list of people significantly to only six from the long list that the Plaintiff provided for document requests. Please see attached files.

Please compel the Defendant to produce the Documents from the Plaintiff's first document request.


Respectfully submitted by


Haroon Arrasheed

/s/Haroon Arrashed, 03/07/2022

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROON ARRASHEED, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-cv-07614 |
| ) | |
| v. ) | |
| ) | The Honorable Steven C. Seeger |
| CHICAGO PUBLIC SCHOOLS, ) | |
| ) | Magistrate Judge David Weisman |
| Defendant. ) | |

**BOARD'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**

Defendant, Board of Education of the City of Chicago ("Board"), through its attorneys Lindsey Goldberg and James D. Mackey, hereby responds as follows:

**Request for Production No. 1:** All documents Plaintiff 's to the Plaintiff's First Set of Interrogatories (or any other Interrogatories the Plaintiff propounds on Defendant).

**RESPONSE: Board objects to Plaintiff's request as Plaintiff has never propounded interrogatories on the Board.**

**Request for Production No. 2:** All of Carolyn Jourdan's notebooks. She has several notebooks that she wrote official CPS business in. She didn't know anything about CTE when she arrived as the CTE Manager and wrote everything work related in her notebooks. There were at least ten that the Plaintiff witnessed in Carolyn's possession.

**RESPONSE: Board objects to Plaintiff's Request 2 as untimely because it was not propounded with more than 30 days prior to the close of fact discovery.** *See Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986) **("When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date.");** *Nowakowski v. Rounders Stadium Grill*, **2008 U.S. Dist. LEXIS 102618, 2008 WL 5273814 (N.D. Ind. Dec. 18, 2008)**

**Request for Production No. 3:** All financial transactions approved by Troy Williams, Lucia Detorri, Yolanda Mitchell and Brenda Wilkerson from 2017 to present from the computer science department. This includes grants that the computer science department as well.

**RESPONSE:** B**oard objects to Plaintiff's Request 3 as untimely because it was not propounded with more than 30 days prior to the close of fact discovery.** *See Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc.***, 112 F.R.D. 423, 424 (N.D. Ind. 1986) ("When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date.");** *Nowakowski v. Rounders Stadium Grill***, 2008 U.S. Dist. LEXIS 102618, 2008 WL 5273814 (N.D. Ind. Dec. 18, 2008)**

>   **Request for Production No. 4:** The research that Shadia Daniels shared and or wrote for Ritupurna (Rita) Raichoudhuri for her dissertation for Rita's doctorate degree. The research was stored on CPS Google Drives and or shared through CPS email.

**RESPONSE:** B**oard objects to Plaintiff's Request 4 as untimely because it was not propounded with more than 30 days prior to the close of fact discovery.** *See Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc.***, 112 F.R.D. 423, 424 (N.D. Ind. 1986) ("When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date.");** *Nowakowski v. Rounders Stadium Grill***, 2008 U.S. Dist. LEXIS 102618, 2008 WL 5273814 (N.D. Ind. Dec. 18, 2008)**

>   **Request for Production No. 5:** All emails from the Microsoft TEALS Program that were sent and received from anyone within Chicago Public Schools from the @TEALSK12.org domain or the @Microsoft.com domain.

**RESPONSE:** B**oard objects to Plaintiff's Request 5 as untimely because it was not propounded with more than 30 days prior to the close of fact discovery.** *See Northern Indiana Public Service Co. v. Colorado Westmoreland, Inc.***, 112 F.R.D. 423, 424 (N.D. Ind. 1986) ("When the court sets a date for the termination of discovery, the parties should heed the logical import of such a deadline: the parties should complete discovery on or before that date and will not receive the benefit of court supervision of discovery which is to occur after that date.");** *Nowakowski v. Rounders Stadium Grill***, 2008 U.S. Dist. LEXIS 102618, 2008 WL 5273814 (N.D. Ind. Dec. 18, 2008)**

**DATED:** **March 2, 2021.**   Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JOSEPH MORIARTY, General Counsel

By: <u>*/s/ James D. Mackey*</u>
James D. Mackey, Attorney No. 6324276

Lindsey E. Goldberg / legoldberg@cps.edu
James D. Mackey / jdmackey4@cps.edu
Board of Education of the City of Chicago
Law Department
1 N. Dearborn St., #900
Chicago, IL 60602
Tel: (773) 553-1700

## CERTIFICATE OF SERVICE

I certify that I sent a copy of the foregoing document by electronic mail to Plaintiff Haroon Arrasheed on March 2, 2021.

/s/ *James D. Mackey*
James D. Mackey

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROON ARRASHEED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-07614 |
| | ) | |
| v. | ) | |
| | ) | The Honorable Steven C. Seeger |
| CHICAGO PUBLIC SCHOOLS, | ) | |
| | ) | Magistrate Judge David Weisman |
| Defendant. | ) | |

**BOARD'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

Defendant, Board of Education of the City of Chicago ("Board"), through its attorneys Lindsey Goldberg and James D. Mackey, hereby responds as follows:

**Request for Production No. 1:** All documents Plaintiff's to the Plaintiff's First Set of Interrogatories (or any other Interrogatories the Plaintiff propounds on Defendant).

**RESPONSE: Board objects to Plaintiff's request as Plaintiff has never propounded interrogatories on the Board.**

**Request for Production No. 2:** All witness statements you have obtained in connection with this lawsuit, including those identified in response to Interrogatory No. 2.

**RESPONSE:** **Board objects to Plaintiff's request as Plaintiff has never propounded interrogatories on the Board.**

**Request for Production No. 3:** All CPS Emails for everyone listed included the Plaintiff Mr. Haroon Arrasheed.

**RESPONSE: Plaintiff's Request 3 seeks all emails from more than 120 listed people listed in both Plaintiff's Request for Production and Rule 26(a)(1). Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed**

discovery outweighs its likely benefit. Notwithstanding the foregoing, the Board has produced relevant emails. *See* **BOE 000484-001166.**

**Request for Production No. 4:** CPS issued Cell Phone Logs for everyone listed included the Plaintiff Mr. Haroon Arrasheed.

**RESPONSE: Plaintiff's Request 4 seeks cell phone logs from more than 120 listed people listed in both Plaintiff's Request for Production and Rule 26(a)(1). Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding the foregoing, the Board states that relevant parties in this case did not maintain CPS-issued cell phones.**

**Request for Production No. 5:** CPS Time Swipe logs for everyone listed included the Plaintiff Mr. Haroon Arrasheed.

**RESPONSE: Plaintiff's Request 5 seeks CPS time swipe logs from more than 120 listed people listed in both Plaintiff's Request for Production and Rule 26(a)(1). Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding the foregoing, the Board has**

requested and intended to produce Kronos logs from Jan. 1, 2017 - March 31, 2019 for the following people:

1. Haroon Arrasheed

2. Alan Mather

3. Bernadette Limos

4. Carolyn Jourdan

5. Troy Williams

6. Rita Raichoudhuri

>**Request for Production No. 6:** CPS Google Suite Hangout Messages for everyone listed included the Plaintiff Mr. Haroon Arrasheed.

**Response**: **Plaintiff's Request 6 seeks Google Suite Hangout Messages from more than 120 listed people listed in both Plaintiff's Request for Production and Rule 26(a)(1). Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding the foregoing, Google Suite Hangout messages are included in relevant ESI produced.** *See* **BOE 000484-001166.**

>**Request for Production No. 7:** CPS Calendars, including CPS Calendar Meeting invitations for everyone listed included the Plaintiff Mr. Haroon Arrasheed.

**Response**: **Plaintiff's Request 7 seeks CPS Calendars and invitations from more than 120 listed people listed in both Plaintiff's Request for Production and Rule 26(a)(1). Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking**

information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding the foregoing, the Board will produce calendar and meeting invitations for the following: Haroon Arrasheed, Carolyn Jourdan, Troy Williams, and Rita Raichoudhuri for the relevant time period of Plaintiff's employment. *See* BOE 001167-002648.

**Request for Production No. 8:** CPS issued Cell Phone Logs for everyone listed included the Plaintiff Mr. Haroon Arrasheed.

**Response**: Board objects to Request 8 as redundant of Request 4, see above objections.

**Request for Production No. 9:** Emails of hiring managers and screeners of positions that the Plaintiff has applied for within from 2013 – present.

**Response**: Board objects to Plaintiff's request overly board, not limited in time or scope, and seeking information that is not relevant to any party's clam or defenses or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy in the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding the foregoing, the Board has already produced Plaintiff's applications subsequent to his departure from CPS.

**Request for Production No. 10:** All complaints made to the EOCO about Carolyn Jourdan, Rita Raichoudhuri.

**Response**: The Board states no such documents exist.

**Request for Production No. 11:** All correspondence regarding the Plaintiff's request for an accommodation at any time during the Plaintiff's employment with the Board.

<u>Response</u>: *See* **BOE 000148-000321.**

**Request for Production No. 12:** Request for Production No. 12: All documents reflecting any discipline the plaintiff received while the plaintiff was employed with the Board, and all documents reflecting any complaints made against the plaintiff: a) the Board or any of its employees; or b) any Board student or their parent.

<u>Response</u>: *See* **BOE 000047-000129.**

**Request for Production No. 13:** All documents regarding the my assistance requested from Human Resources, the ADA Department. , etc. to assist me the Plaintiff with harassment received by board employees.

<u>Response</u>: *See* **BOE 000148-000321; 000484-001166.**

**DATED:     March 2, 2021.**            Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JOSEPH MORIARTY, General Counsel

By:     <u>/s/ *James D. Mackey*</u>
James D. Mackey, Attorney No. 6324276

Lindsey E. Goldberg / legoldberg@cps.edu
James D. Mackey / jdmackey4@cps.edu
Board of Education of the City of Chicago
Law Department
1 N. Dearborn St., #900
Chicago, IL 60602
Tel: (773) 553-1700

## CERTIFICATE OF SERVICE

    I certify that I sent a copy of the foregoing document by electronic mail to Plaintiff Haroon Arrasheed on March 2, 2021.

*/s /James D. Mackey*
James D. Mackey

of the proposed discovery outweighs its likely benefit."

"Request for Production No. 10: All complaints made to the EOCO about Carolyn Jourdan, Rita Raichoudhuri. Response: The Board states no such documents exist." Said documents do exist, the Plaintiff submitted a complaint to EOCO, at least one document exists.

The Defendant has rejected emails, Google Hangouts messages, Google Drive access logs, Time swipes, etc. The Plaintiff acknowledges that the Document request is very large. However, the Defendant isn't informed as to the reason why the Plaintiff made the specific Document Request. Two of the people used very loose language in Google Hangouts to make fun of the Plaintiff, they celebrated at perceived failures of the Plaintiff, etc. The Documents that the Defendant previously provided, contained this information. However, the messages, emails, etc. are incomplete or has missing information. The Defendant did provide 1400+ pages of information, however there are many duplicates and mostly calendar information. The Defendant also shortened the list of people significantly to only six from the long list that the Plaintiff provided for document requests. Please see attached files.

Please compel the Defendant to produce the Documents from the Plaintiff's first document request.


Respectfully submitted by


Haroon Arrasheed

/s/Haroon Arrashed, 03/07/2022