IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROON ARRASHEED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-07614 |
| | ) | |
| v. | ) | |
| | ) | The Honorable Steven C. Seeger |
| CHICAGO PUBLIC SCHOOLS, | ) | |
| | ) | Magistrate Judge David Weisman |
| Defendant. | ) | |

**LOCAL RULE 56.1(a)(3) STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Board of Education of the City of Chicago ("Board" or "Defendant") pursuant to Local Rule 56.1(a)(3), submit the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment:

**Parties**

1. Plaintiff Haroon Arrasheed ("Arrasheed" or "Plaintiff"), a black, muslim male, is a former Board employee. Exhibit ("Ex.") 1 (EEOC Charge, 440-2019-02870).

2. Plaintiff worked for the Board from August 22, 2013 to March 18, 2019. Group Ex. 2 (PeopleSoft Records, BOE 000130, 000133-000134, 000143, 000145).

3. During the relevant period of events underlying Plaintiff's claims, Plaintiff worked as a Senior Program Coordinator from July 11, 2016 to August 27, 2018. Group Ex. 2 (BOE 000133-000134, 000138).

4. On August 27, 2018, Plaintiff voluntarily transferred from Senior Program Coordinator to a Curriculum/Instructional Coach at Lillian R. Nicholson STEM School. Group Ex. 2 (BOE 000130, 000133-000134); Ex. 5 at ¶ 27 (Declaration of Carolyn Jourdan).

5. Plaintiff voluntarily resigned from his position as Curriculum/Instructional Coach on March 18, 2019. Group Ex. 2 (BOE 000130); Ex. 3 (BOE 000004 - Resignation letter).

6. The Board is a municipal body that is organized pursuant to Illinois School Code ("School Code") to maintain a system of schools commonly known as Chicago Public Schools ("CPS"). 105 ILCS 5/34-2.

## Jurisdiction

7. On November 18, 2019, Plaintiff filed Case No. 19-cv-7614 against the Defendant Board ECF No. 1.

8. Plaintiff's operative complaint is Plaintiff's corrected amended complaint. ECF No. 57.

9. Plaintiff alleges the following claims: color, national origin, race and religious discrimination and harassment under Title VII; disability discrimnation and harassment and failure to accommodate under the ADA; Fourteenth Amendment Equal Protection under 42 U.S.C. § 1983; and race, national origin and and color discrimination under 42 U.S.C. § 1981. ECF No. 57, ¶¶ 9 (b)-(f), 12(h); ¶ 1 (p. 15).

10. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12111, et seq., as amended.

## Plaintiff's Job Duties and Responsibilities

11. Plaintiff's position as Senior Program Coordinator was located in the Board's Early College and Career Education Department, where Rituparna Raichoudhuri ("Raichoudhuri") was the Executive Director. Ex. 4 (BOE 000500, Org Chart).

12. Plaintiff worked in the Career and Technical Education (CTE) Program Coordination Group, managed by Carolyn Jourdan ("Jourdan"). Ex. 4 (BOE 000500, Org Chart).

13. Jourdan was Plaintiff's direct supervisor. Ex. 4 (BOE 000500); Ex. 5 at ¶ 3 (Declaration of Carolyn Jourdan).

14. Jourdan reported to Raichouhuri. Ex. 4 (BOE 000500); Ex. 5 at ¶ 4 (Declaration of Carolyn Jourdan).

15. As Senior Program Coordinator, Plaintiff oversaw implementation, maintenance and evaluation of high school CTE programs in areas of information technology ("IT"), served as a district wide industry expert in ensuring rigorous and relevant IT curriculum and instruction was delivered to all CTE IT students, and supported teachers in preparation of students entering post-secondary study or employment in the content area. Ex. 6 (BOE 000470-000472 - Job Description Summary).

16. One of the principal responsibilities for this position was to design, plan, and implement city-wide student capstone events, college and career fairs, and other CTE student centered events. Ex. 6 (BOE 000471 at ¶ 11); Ex. 5 at ¶ 5 (Declaration of Carolyn Jourdan).

17. For the school year 2017-2018, Plaintiff was expected to put on a large, high profile, year end Capstone event for CTE IT students. All CPS schools with CTE IT students and programs were invited and highly encouraged to attend the Capstone event. This is an annual major event that requires extensive and long-term planning in order to successfully put on the event. There typically was a project planned for the students to participate in, a budget, various internal and external partners for the event and external high profile judges and speakers for the event. It was expected that dignitaries would be present and that the project would result in a competition and awards to be presented to winning submissions. Ex. 5 at ¶ 6 (Declaration of Carolyn Jourdan).

18. The Capstone event ("Capstone Event") for the 2017-2018 School Year was scheduled for May 11, 2018. Ex. 5 at ¶ 6 (Declaration of Carolyn Jourdan).

**2018 Capstone Project and Plaintiff's Failure to Plan**

19. Given the importance and gravity of the event, Jourdan expected Plaintiff to begin planning for the Capstone Event in late 2017. By the end of 2017 and early 2018, Plaintiff should have had a venue, host and project decided on and additional details in process like determining the number of participating schools, contacting transportation companies, securing catering vendors, and reaching out to and securing speakers and judges. Ex. 5 at ¶ 7 (Declaration of Carolyn Jourdan).

20. On October 30, 2017, Plaintiff had a preliminary meeting relating to the 2018 Capstone Event with Bernadette Limos, Project Manager of Science, Technology, Engineering, and Mathematics ("STEM") Schools. Ex. 7 (10/30/17 Meeting invite with B. Limos, Pl's Exhibit 143); Ex. 5 at ¶ 9 (Declaration of Carolyn Jourdan). Ms. Limos was Plaintiff's counterpart in STEM and Jourdan expected Plaintiff to be responsive to any inquiries from her or her manager, Allison Parker. Ex. 5 at ¶ 9 (Declaration of Carolyn Jourdan).

21. On November 30 and December 1, 2017, Limos and Plaintiff had some preliminary email correspondence exploring if he had any preliminary plans for 2018. Plaintiff responded with some ideas for dates and the use of the previous host, venue and structure from 2017 for the Capstone Event with Limos. Group Exhibit 8 (Emails between Bernadette Limos and Plaintiff, Pl.'s Exhibits 144-145).

22. On December 14, 2017, Limos asked Plaintiff if he had given the Capstone Event any thought. Plaintiff did not respond. Group Ex. 8 (Emails between Bernadette Limos and Plaintiff, Pl.'s Exhibit 145).

23. A week later, on December 21, 2017, Limos reached out again telling Plaintiff to move forward with the Capstone Event and the STEM Spring Hackathon separately. Plaintiff did not respond. Group Ex. 8 (Emails between Bernadette Limos and Plaintiff, Pl.'s Exhibit 145-146).

4

24. On January 23, 2018, Plaintiff emailed Motorola to ask if the Motorola Mobility Foundation could host the Capstone Event on Friday May 11, 2018 from 8:00 a.m.- 3:00 p.m. with a similar schedule to the prior year. Group Ex. 9 (Plaintiff email to M. Hauser and M. Wagner, Pl's Exhibit 99).

25. On January 24, 2018, Ms. Hauser at Motorola told Plaintiff they placed a hold on the space for May 11, 2018. She also noted that while she still needed to get approval from the business to host the event, it was safe to start planning since they had hosted the prior year. Group Ex. 9 (M. Hauser email to Plaintiff, Pl's Exhibits 99-100).

26. On January 24, 2018, immediately thereafter, Plaintiff acknowledged that the date had been reserved and worked to schedule a planning meeting for February 2, 2018. Group Ex. 9 (M. Hauser and Plaintiff emails, Pl's Exhibits 100-101).

27. That same day, January 24, 2018, Plaintiff then sent out a save the date for the Capstone Event for May 11, 2018. Ex. 10 (BOE 000493-000496).

28. Over two months later, on April 4, 2018, Plaintiff emailed M. Hauser at Motorola to see if the business had approved the Capstone Event. Group Ex. 11 (M. Hauser and Plaintiff emails, Pl's Exhibit 102).

29. On April 10, 2018, while waiting for confirmation from Motorola, Allison Parker, Manager of STEM Schools, inquired about the status of the Capstone Event; Plaintiff did not respond. Ex. 12 (BOE 000514-000516); Ex. 5 at ¶¶ 9-11 (Declaration of Carolyn Jourdan).

30. However as of April 10, 2018, Plaintiff had not shared any written or substantive plans with Jourdan. Ex. 5 at ¶ 11 (Declaration of Carolyn Jourdan).

31. By April 2018, approximately 1 month prior to the Capstone Event, Plaintiff should have had in-depth plans including details on the project, who was responsible for what, a tentative run of the show (event day schedule); secured speaker(s); what CPS staff was responsible for

5

any external people, and locations of particular sessions at the event, including lunch, presentations, awards, and how and when things would be paid; transportation details including compan(ies) secured, the pick-ups and drop offs and the timing thereof; catering/lunch details; and other event planning items. Ex. 5 at ¶ 8 (Declaration of Carolyn Jourdan).

32. On April 11, 2018, Plaintiff emailed Jourdan stating that he didn't have much bandwidth for planning, execution etc. He also blamed Motorola for self-created delays, stating they weren't as responsive for this year's event. Ultimately he attempted to propose a virtual Capstone Event as an alternative to the in person event on May 11. Ex. 13 (BOE 000518); Ex. 5 at ¶ 12 (Declaration of Carolyn Jourdan).

33. Plaintiff was expected to follow up and confirm with any outside partners including Motorola, the proposed host. The fact that Plaintiff attempted to blame any delays on Motorola was an improper attempt to deflect responsibility onto others. Ex. 5 at ¶ 13 (Declaration of Carolyn Jourdan).

34. In response, on April 11, 2018, Jourdan said she would consider making the event virtual but did not think it would be approved by Raichouhuri and above and was also concerned about the timing and that it had taken him so long to raise the lack of support and responsiveness to her. Jourdan also requested Plaintiff meet with her to discuss the Capstone Event prior to Monday April 16, 2018. Ex. 14 (BOE 000519); Ex. 5 at ¶ 12 (Declaration of Carolyn Jourdan).

35. After Plaintiff's April 11, 2018 email, Jourdan was extremely concerned that the Capstone Event was not going to occur, which would have been a colossal failure for her group and the department at large, which she was trying to avoid at all costs. Ex. 5 at ¶ 14 (Declaration of Carolyn Jourdan).

36. On Friday, April 13, 2018, Jourdan emailed Plaintiff sharing that she spoke to Raichouhuri, and she did not support the virtual Capstone idea. Both did not support changing the Capstone Event format due to the event's high profile nature for the District. Ex. 15 (BOE 000527); Ex. 5 at ¶ 12 (Declaration of Carolyn Jourdan).

37. She further requested Plaintiff answer a series of questions, which should have been completed early in the planning process, including identifying the goals, creating a timeline, identifying relevant partnerships, a budget and the steps for implementation. In answering the various questions, Jourdan requested Plaintiff develop an "IT Capstone Plan" which was due by the end of business day Monday, April 16, 2018. Ex. 15 (BOE 000527); Ex. 5 at ¶ 15 (Declaration of Carolyn Jourdan).

38. Jourdan requested Plaintiff create an IT Capstone plan, in a last minute attempt to salvage the Capstone event because of Plaintiff's complete failure to plan for the event. It was essential Plaintiff meet that deadline and not be even a couple hours late because of the late nature of the plan. Ex. 5 at ¶ 15 (Declaration of Carolyn Jourdan).

39. On April 16, 2018, Plaintiff failed to submit the requested IT Capstone Plan until 10:16 p.m. and the document submitted was severely lacking in content. The IT Capstone Plan only had very basic information and no specific details and appeared to be cut and pasted from somewhere and/or that someone else had drafted the contents. Ex. 16 (BOE 000574); Ex. 5 at ¶ 16 (Declaration of Carolyn Jourdan).

**Plaintiff's Performance Improvement Plan**

40. Given Plaintiff's failure to plan for the Capstone Event as well as other serious performance deficiencies including attendance abuse, Jourdan issued Plaintiff a Performance Improvement Plan ("PIP") on April 18, 2018. Ex. 18 (BOE 000053-000064); Ex. 5 at ¶ 17 (Declaration of Carolyn Jourdan).

7

41. As a result of the PIP, Plaintiff was expected to meet Jourdan weekly to discuss Plaintiff's projects and schools. Plaintiff was also to provide Jourdan (or her Designee) with a status update 24 hours in advance of the weekly meeting and provide Jourdan with an up-to-date and detailed Google calendar for the upcoming week. Ex. 18 (BOE 000053-000064); Ex. 5 at ¶ 18 (Declaration of Carolyn Jourdan).

42. Plaintiff continued to work while on the PIP with no change to his role of position or compensation or benefits. Ex. 5 at ¶ 19 (Declaration of Carolyn Jourdan).

43. On April 26, 2018, Plaintiff emailed an Capstone Planning update to Jourdan which included eight (8) items with a one line description. Ex. 19 (BOE 000679).

44. On July 25, 2018, Plaintiff had his 30 day follow up PIP meeting with Jourdan, where she found that Plaintiff had failed to perform in several significant aspects of the PIP. For example, Plaintiff failed to provide sufficient documentary evidence on the status and progress of various non-Capstone related programs and events; Plaintiff had failed to adequately represent the department in other CPS departmental meetings and external partners, failing to interact or participate in calls and failing to attend meetings despite being invited. Ex. 20 (BOE 000065-000129); Ex. 5 at ¶ 20 (Declaration of Carolyn Jourdan).

45. Plaintiff was also improperly using other departmental staff resources for support on his projects including Limos. Plaintiff's google calendar event invites were also missing requested information like names of people he was meeting with, the purpose of the event/meeting and why the event was taking place. Ex. 20 (BOE 000065-000129); Ex. 5 at ¶ 21 (Declaration of Carolyn Jourdan).

46. Plaintiff also had insufficient work product and updates relating to the Capstone event. For example, on multiple occasions, Plaintiff's work product and updates were missing a significant amount of detail, including specifics around who was responsible for specific

aspects of the day, including audio-visual, security, registration, judges, and volunteers. Plaintiff also waited until the day before the event to get an accurate run of the show. Ex. 20 (BOE 000065-000129); Ex. 5 at ¶ 22 (Declaration of Carolyn Jourdan); DSOF 44.

47. Plaintiff also failed to plan significant future events, including Summer Institute for CTE. Ex. 20 (BOE 000065-000129); Ex. 5 at ¶ 23 (Declaration of Carolyn Jourdan).

48. Finally, Jourdan identified additional examples and concerns over Plaintiff's performance failures including Plaintiff missing multiple major deadlines in completing work (i.e. updating spreadsheets) and sharing information for an annual grant, meetings with the CTU (Chicago Teachers Union) and meetings with the State of Illinois Board of Education. Plaintiff's failures negatively impacted Jourdan's group's operations. Ex. 20 (BOE 000065-000129); Ex. 5 at ¶ 24 (Declaration of Carolyn Jourdan).

49. Despite these serious work deficiencies, Jourdan offered Plaintiff almost daily support because she wanted him to improve his performance and succeed in the role. Ex. 5 at ¶ 25 (Declaration of Carolyn Jourdan).

50. As a result of Plaintiff's August 27, 2018 transfer, his PIP was never completed and he did not pass or fail it. DSOF 4; Ex. 5 at ¶ 28 (Declaration of Carolyn Jourdan).

51. Plaintiff did not fail the PIP, did not have his position or job duties changed as a result of the PIP, did not suffer any loss in pay or benefits, nor did he suffer any other consequences as a result of the PIP. Ex. 5 at ¶ 29 (Declaration of Carolyn Jourdan).

52. Jourdan never told Plaintiff to quit or be fired. Ex. 5 at ¶ 30 (Declaration of Carolyn Jourdan)

53. Jourdan never made any comments related to Plaintiff's religion, race, color, national origin or disability. Ex. 5 at ¶ 31 (Declaration of Carolyn Jourdan).

54. Jourdan did not place Plaintiff on a PIP or take any other actions against him because of his religion, race, color, national origin or disability. Ex. 5 at ¶ 32 (Declaration of Carolyn Jourdan).

**Plaintiff's Requests for ADA Reasonable Workplace Accommodations**

55. Prior to Plaintiff's request on May 10, 2018, Plaintiff had not identified any disability or health condition that would interfere or impact his job duties. Ex. 5 at ¶ 33 (Declaration of Carolyn Jourdan).

56. On May 10, 2018, Plaintiff submitted a request for reasonable accommodations under the ADA, specifically requesting 1) more time on deadlines and 2) the use of conference rooms to work without interruption. Ex. 21 (BOE 000293-000296).

57. Plaintiff's health provider certification Plaintiff submitted, dated May 14, 2018, indicated Plaintiff's medical condition or impairments were temporary with a 3 to 6 week duration. Ex. 22 (BOE 000303-000306).

58. On July 9, 2018, the Board responded to Plaintiff's request for reasonable accommodations as follows: 1) granting his request to use conference rooms to work, wherein he could schedule use of conference rooms as available and was also permitted to use the third floor conference room; 2) provisionally granting his request for an additional 48 hours to complete assignments. Specifically, on a trial temporary basis of 30 days from the date of the letter, Plaintiff would be able to work with his supervisor, Jourdan, to identify which assignments Plaintiff would be able to extend any particular deadlines. The letter noted that in Plaintiff's department there were both external and internal deadlines, wherein external deadlines were harder to modify and missing those deadlines may negatively impact the Board. Jourdan ultimately retained authority in determining which assignments could be extended. Ex. 23 (BOE 000157-000159).

59. To Jourdan's recollection, Plaintiff did not request any extensions of any assignment deadlines from Jourdan between July 9 and his transfer on August 27, 2018. Ex. 5 at ¶ 26 (Declaration of Carolyn Jourdan).

60. Jourdan complied with the Board's July 8. 2018 reasonable accommodation letter through the time Plaintiff left his position in CTE, effective August 27, 2018. Ex. 5 at ¶ 34 (Declaration of Carolyn Jourdan).

**Plaintiff's Voluntary Transfer to a School Based Position on August 27, 2018.**

61. On August 23, 2018, Plaintiff applied for, subsequently interviewed and obtained an offer for the school based teaching position at Lillian R. Nicholson STEM School ("Nicholson"). Ex. 24 (BOE 000455-000457).

62. On August 27, 2018, Plaintiff transferred to a curriculum/instructional coach at Nicholson STEM Elementary School. ECF No. 57, ¶ 60; *see also* DSOF 4; Ex. 25 (BOE 001121).

63. Jourdan did not ask Plaintiff to transfer and had no role in deciding that he transfer, approving the transfer, or processing the transfer. Ex. 5 at ¶ 27 (Declaration of Carolyn Jourdan).

64. Jourdan never saw Plaintiff again after August 27, 2018 and never spoke to him on the phone. Her only communication after August 27, 2018 with Plaintiff was via email relating to the return of his assets, files and documents related to his prior position. The last time Jourdan communicated with Plaintiff in any manner was via email on September 12, 2018. Ex. 5 at ¶ 35 (Declaration of Carolyn Jourdan).

65. Jourdan did not supervise Plaintiff or have authority to make decisions relating to Plaintiff's employment after Plaintiff transferred to Nicholson on August 27, 2018. Ex. 5 at ¶ 36 (Declaration of Carolyn Jourdan).

**Plaintiff's Resignation on March 19, 2019 to take a Position External to CPS**

66. After his resignation on March 19, 2019, Plaintiff was hired at Cognixia and worked there from June 2020 to July 2020. Ex. 26 (BOE 000340); DSOF ¶ 5.

**Plaintiff's External Complaints**

67. On August 14, 2019, Plaintiff filed Charge No. 440-2019-02870 with the EEOC and cross-filed with the IDHR. Ex. 1; DSOF 1. He claimed discrimination on the basis of his race, religion, disbility and retaliation for engaging in protected activity. *Id.*

68. On August 19, 2019, the EEOC issued a Dismissal and Notice of Rights letter. Ex. 27.

Dated: June 6, 2022

Respectfully Submitted,

DEFENDANT BOARD OF EDUCATION
OF THE CITY OF CHICAGO

JOSEPH MORIARTY, General Counsel

By: /s/Christina L. Rosenberg
Christina L. Rosenberg, Atty No. 6293238

Lindsey E. Goldberg/LEGoldberg@cps.edu
Christina L. Rosenberg/CRosenberg@cps.edu
Board of Education of the City of Chicago
One North Dearborn Street
Law Department, Suite 900
Chicago, Illinois 60602
Tel: (773) 553-1700
Fax: (773) 553-1701

**CERTIFICATE OF SERVICE**

I, Christina L. Rosenberg, hereby certify that I served the attached L.R. 56.1(a)(3) Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment via the Court's CM-ECF E-Filing on June 6, 2022.

By: /s/Christina L. Rosenberg
Christina L. Rosenberg, Atty No. 6293238